UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mark Steven Gaddy, ) | Crim. No.: 4:12-cr-00745-RBH-8 |
| ) | Civil Action No.: 4:16-cv-02602-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner's pro se [ECF No. 429] motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner alleges ineffective assistance of counsel regarding alleged bad advice concerning whether to stipulate to a 96 month term of imprisonment in a Rule 11(c)(1)(C) plea agreement. Petitioner alleges trial counsel's advice resulted in Petitioner not receiving the benefit of Amendment 782 to the United States Sentencing Guidelines.

On August 23, 2016, the government filed a response and motion for summary judgment arguing that Petitioner's motion is untimely. On August 24, 2016, a *Roseboro* Order was issued advising Petitioner that a motion to dismiss and/or for summary judgment had been filed and that his failure to respond could result in the dismissal of his case. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975). Petitioner filed a pro se response to the government's motion. For the reasons stated below, the Court grants Respondent's motion for summary judgment, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice.[1]

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

## Procedural History

On February 26, 2013, Petitioner pled guilty, pursuant to a Rule 11(c)(1)(C) plea agreement, to conspiracy to possess with intent to distribute and distribution of 5 grams of methamphetamine and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846. The Rule 11(c)(1)(C) plea agreement provided for a stipulated sentence of 96 months imprisonment. The presentence investigation report ("PSR") prepared by the U.S. Probation Office determined that Petitioner's sentencing guideline range was 97 to 121 months in prison based on a total offense level of 29 and criminal history category of II.

On June 25, 2013, the Court accepted the Rule 11(c)(1)(C) plea agreement and sentenced Petitioner to 96 months imprisonment. The judgment was entered on July 2, 2013. Petitioner did not appeal his conviction or sentence. The deadline for Petitioner to file a notice of appeal from his conviction and sentence was July 16, 2013, 14 days after the judgment was entered.

Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on July 19, 2016, the date Petitioner delivered his motion to the prison mail room.

## Applicable Law

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal

citation omitted) For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242, 2002 WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255.").

## **Discussion**

The government argues that Petitioner's motion to vacate is untimely and must be dismissed. The Court agrees.

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 by imposing a one-year statute of limitations period for the filing of any motion under this Section. Accordingly, the one-year period of limitation begins to run from the latest of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims

3

> presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In appropriate cases, the Supreme Court has determined that the time limit for the filing of a habeas corpus petition is subject to equitable tolling. *Holland v. Florida*, 560 U.S.631 (2010). A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. , 161 L.Ed.2d 669 (2005). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 130 S.Ct. at 2563 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964)).

In this case, Petitioner did not file a direct appeal. An unappealed federal criminal judgment becomes final for purposes of § 2255 when the time for filing a direct appeal expires. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001); *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001) (Michael, J., concurring); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). The time for Petitioner to file a direct appeal from his criminal judgment expired on July 16, 2013, fourteen days after the judgment was entered. Therefore, Petitioner's judgment became final on July 16, 2013. Petitioner's motion to vacate is untimely because it was filed more than one year after his conviction became final, and none of the other three potential triggering dates set forth in 28 U.S.C. § 2255(f) apply to this case. *See Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014). Petitioner has also failed to demonstrate a sufficient basis to warrant equitable tolling.

Petitioner argues his motion to vacate is timely under § 2255(f)(4) because it was filed within one year of the Fourth Circuit Court of Appeal's decision affirming the denial of Petitioner's motion to reduce sentence under 18 U.S.C. § 3582(c). In other words, Petitioner argues the "facts

4

supporting his claim" did not arise until the Fourth Circuit affirmed the denial of Petitioner's § 3582(c) motion to reduce his sentence. Despite Petitioner's contentions, the Court finds that the Fourth Circuit's decision affirming the denial of Petitioner's motion to reduce sentence does not amount to a "fact" that could trigger a new one year statute of limitations. As Petitioner indicated, his claims of ineffective assistance of counsel center on trial counsel's "negotiation of his Plea agreement, knowledge and understanding of the Sentencing Guidelines, and advice regarding Gaddy's plea." [Petitioner's Reply, ECF No. 441 at 1]. Petitioner was aware of the factual basis to support his ineffective assistance of counsel claim when his judgment became final on or about July 16, 2013.

Petitioner's reliance on *United States v. Gadsen*, 332 F.3d 224 (4th Cir. 2003) is misplaced. *Gadsen* concerned a defendant who was sentenced as a career offender under the guidelines. *Gadsen*, 332 F.3d at 225. Gadsen filed a motion to vacate under § 2255 challenging his career offender status after one of his predicate state court convictions was vacated. *Id*. at 226. The district court dismissed the motion to vacate as untimely. The Fourth Circuit reversed and remanded holding the state court's invalidation of one of Gadsen's prior convictions constituted a new fact for purposes of calculating the statute of limitations under 28 U.S.C. § 2255(f)(4) thereby rendering Gadsen's § 2255 motion, which challenged his career offender designation, timely. *Id*. at 228-29. Here, Petitioner was not a career offender and does not have a state court conviction that was vacated that would impact any career offender designation.

The Fourth Circuit's decision affirming the Court's denial of Petitioner's § 3582(c) motion to reduce was not a fact that could trigger a new one year statute of limitations. The Fourth Circuit's decision merely represents the point in time that Petitioner recognized the legal

5

significance of his particular Rule 11(c)(1)(C) plea agreement. The facts supporting Petitioner's ineffective assistance of counsel claim were known to Petitioner when his conviction became final in 2013. Accordingly, Petitioner's motion to vacate is not saved by § 2255(f)(4).

Petitioner's motion to vacate also fails on the merits. The Sixth Amendment to the Constitution of the United States provides that "the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const, amend. VI. The United States Supreme Court has interpreted the right to counsel as providing a defendant " 'the right to the effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (emphasis added) (*quoting McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). To obtain relief based on an allegation of ineffective assistance, a petitioner must establish both that: (1) counsel's performance was so deficient that it fell below an objective standard of reasonableness; and (2) counsel's inadequate performance caused the petitioner prejudice. *Id*. at 687–88.

Satisfying the first prong of *Strickland* requires a petitioner to establish that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Reviewing courts strongly presume that counsel exercised reasonable professional judgment, and only in "relatively rare situations" will a § 2255 motion establish that, " 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' " *Tice v. Johnson*, 647 F.3d 87, 102 (4th Cir. 2011) (*quoting Strickland*, 466 U.S. at 690). As it is all too easy to challenge an act, omission, or strategy, once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. A

6

petitioner's showing of deficient performance must therefore go beyond establishing that counsel's performance was below average, because "effective representation is not synonymous with errorless representation." *Springer v. Collins*, 586 F.2d 329, 332 (4th Cir. 1978); *see Strickland*, 466 U.S. at 687.

The second prong of *Strickland* requires a petitioner to "affirmatively prove prejudice," which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 693–94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. A different inquiry is necessary with respect to the prejudice prong, however, where a conviction is based upon a guilty plea. In that situation, a person must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). If a petitioner fails to prove either of the two prongs of the *Strickland* test, the court need not evaluate the other prong. *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013).

Petitioner has failed to demonstrate that trial counsel's advice regarding whether to accept the government's plea offer was constitutionally deficient. Trial counsel secured a plea offer to a lesser included offense that reduced Petitioner's mandatory minimum sentence from 10 years to 5 years. Trial counsel was also not ineffective for advising Petitioner to accept a stipulated sentence to a term of months rather than a guideline range. It is common practice in this district for defendants to enter into Rule 11(c)(1)(C) plea agreements that stipulate to a term of imprisonment rather than a guideline range and trial counsel was not ineffective for failing to anticipate the passage of Sentencing Guideline amendments that could be beneficial to Petitioner. More

7

importantly, Petitioner has failed to demonstrate prejudice as a result of any alleged bad advice regarding the plea. Petitioner has failed to demonstrate that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. As recognized by trial counsel in his affidavit, a conviction was likely if Petitioner had gone to trial. Petitioner would have faced a mandatory minimum sentence of 10 years and it is likely the government would have been able to substantially increase the drug weight attributable to Petitioner.

For those reasons, Petitioner's motion to vacate under 28 U.S.C. § 2255 is due to be dismissed.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the reasons stated above, the government's [ECF No. 438] motion for summary judgment is **GRANTED** and Petitioner's pro se [ECF No. 429] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**.

8

**IT IS SO ORDERED**.

August 9, 2017  　　　　　　　　　　　　　　　　s/ R. Bryan Harwell  
Florence, South Carolina　　　　　　　　　　　　R. Bryan Harwell  
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge